OPINION
Appellant William T. Drown appeals a judgment of the Licking County Common Pleas Court affirming appellee Village of Johnstown Planning and Zoning Commission's denial of appellant's applications for a variance, conditional use permit, and home occupation permit:
ASSIGNMENTS OF ERROR
 I. THE LICKING COUNTY COURT OF COMMON PLEAS ERRED AS A MATTER OF LAW IN AFFIRMING THE DECISION OF THE VILLAGE OF JOHNSTOWN PLANNING AND ZONING COMMISSION WHICH DENIED APPELLANT'S REQUEST FOR A VARIANCE, A CONDITIONAL USE, AND A HOME OCCUPATION PERMIT.
 II. THE LICKING COUNTY COURT OF COMMON PLEAS ERRED AS A MATTER OF LAW IN DECIDING THE VILLAGE OF JOHNSTOWN'S UR-1 ZONING CLASSIFICATION FOR APPELLANT'S PROPERTY IS CONSTITUTIONAL.
Appellant purchased a residence located at 296 West Coshocton Street in Johnstown, Ohio, intending to operate a solo law practice in the home. Appellant did not investigate the district's zoning prior to purchasing the property, but assumed that because the home was located near a variety of other businesses, the Johnstown Zoning Ordinance would permit him to operate his law practice in the house. West Coshocton Street is also U.S. Route 62, and is heavily traveled. Appellant purchased the property, moved into the house, and began operating his law practice. Appellant employed his sister full time, and two other individuals part time. Appellant then learned that the property was zoned UR-1, Urban Residential Low Density, which does not include a law practice as a permitted use. In late 1998, or early 1999, appellant applied for a home occupation permit, which was denied. No appeal was taken. In May of 1999, appellant submitted applications for a variance, a conditional use permit, and a home occupation permit. Following a hearing before appellee, all three applications were denied for failing to meet the requirements of the Johnstown Codified Zoning Ordinance. Appellant then appealed to the Licking County Common Pleas Court. The court affirmed appellee's denial of appellant's application.
 I
Appellant first argues that the decision of the court, affirming the decision of appellee, was, as a matter of law, not supported by a preponderance of the evidence. Pursuant to R.C. 2506.04, we are required to affirm the Court of Common Pleas, unless we find as a matter of law that the decision of the Common Pleas Court is not supported by a preponderance of reliable, probative, and substantial evidence. Smith v. Granville Township Board of Trustees (1998), 81 Ohio St.3d 608, 613, cert denied, 525 U.S. 979. The court did not err in affirming appellee's decision denying appellant's application for a home occupation permit. Section 1173.03 of the Johnstown Zoning Ordinance governs home occupation permits. Subsection (a) provides that no person other than a member of the family residing on the premises should be engaged in the home occupation. Appellant conceded that none of his three employees resided on the premises, and only one employee, his sister, was a family member. Therefore, his application did not comply with the zoning provision, and the court did not err in affirming the denial of his home occupation permit. The court did not err in affirming the denial of appellant's conditional use permit. The only conditional use that appellant applied for was a home occupation. As noted earlier, appellant's law office with non-residential, non-related employees does not meet the requirements for a home occupation. Therefore, appellant could not meet the requirements for a conditional use. Finally, appellant sought a variance to exclude him from the employee limitation for home occupations. The court found that the variance was rendered moot by the denial of the application for a home application permit. We disagree that the denial of the home occupation permit rendered appellant's request for a variance moot. Appellant sought a variance for the very reason that he could not meet the requirements for a home occupation permit. While the court issued an opinion stating that appellant did not meet the ordinance requirements for a variance, we cannot ignore the court's clear ruling as a matter of law that the variance application was moot. The assignment of error is overruled as to the issues of the home occupation permit and the conditional use permit. The assignment of error is sustained as to the issue of variance.
 II
Appellant argues that the UR-1 zoning classification of his property does not substantially advance a legitimate health, safety, and welfare concern, and therefore is unconstitutional. Specifically, appellant challenges the limitation on employees of a home occupation to persons residing in the home. The court did not err in finding that the definition of home occupation advances a legitimate health, safety, and welfare concern of the village. Appellant argues that there is no legitimate rationale for allowing a home occupation with an unlimited number of family members as employees, while denying a permit to a law office employing a single part time bookkeeper. However, limiting employees to residents of the home is rationally related to the interest of the municipality in limiting traffic and the accompanying noise. As noted by the court, if employees were not limited in some fashion, either by residence, family relationship, and/or number, a home occupation which is permitted to exist in a residential neighborhood would be no different from any other business, and would eliminate the distinction between the residential and commercial zoning. Appellant also argues that the application of the zoning ordinance has denied him equal protection of the law. He argues that the village has let other properties in the same residential district operate with significantly greater commercial uses of the property than the use of appellant's home as a law office. The trial court correctly found that appellant did not demonstrate that he was classified differently from other businesses in the area. There was no evidence that other business were operating pursuant to a variance, a conditional use permit, and/or a home occupation permit. Rather, the evidence in the record demonstrated that those businesses existed prior to the adoption of the zoning ordinance, or were formed in a district zoned other than UR-1. As appellant did not demonstrate that other businesses in the relevant area applied for, and were granted, the same or similar treatment which was sought by appellant, appellant did not demonstrate that he was denied equal treatment pursuant to the zoning ordinance. The second assignment of error is overruled. The judgment of the Licking County Common Pleas Court affirming appellee's denial of appellant's request for a home occupation permit and a conditional use permit is affirmed. The decision affirming the denial of the variance on the basis that it was moot is reversed. This case is remanded to the Licking County Common Pleas Court with instructions to consider the appeal from the denial of the variance on the merits.
By Gwin, P.J., Wise, J., and Edwards, J., concur.